**In the Interest of Robert A. PROST, An alleged incapacitated and disabled person, Respondent/Appellant,**

v.

**Dorn SCHUFFMAN, Director of the Department of Mental Health, Petitioner/Respondent.**

No. ED 87269.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 26, 2006.

Kevin Albert Richardson, Washington, MO, for Appellant.

Yvette G. Hipskind, Woodie J. Curtis, Jr., co-counsel, St. Louis, MO, for Respondent.

## SHERRI B. SULLIVAN, J.

### Introduction

Robert A. Prost (Appellant) appeals from the judgment of the trial court finding Appellant to be incapacitated and appointing Carol Eckelkamp, the Franklin County Public Administrator (the Public Administrator), as his Guardian and Conservator. We reverse and remand for further proceedings.

### Factual and Procedural Background

Appellant is 21–years–old and mentally retarded, with an I.Q. of 53. He is currently a patient at Fulton State Hospital, a Department of Mental Health (DMH) facility. Appellant was admitted to Fulton State Hospital on April 2, 2004, after being found incompetent to proceed to trial on three counts of first-degree arson and one count of second-degree arson.

Appellant is not able to evaluate information and make informed decisions about his medical care and treatment, his living arrangements, or his meals; and is not able to make decisions that would not impair his safety or the safety of others. Appellant requires 24–hour supervision.

On August 31, 2005, the DMH filed a Petition for Appointment of Guardian recommending that the Public Administrator be appointed as Appellant's guardian. On October 19, the court held an evidentiary hearing on the Petition.

At the hearing, Appellant testified that if the court found that he needed a guardian, he would want his mother, Yvonne Prost (Mother), to serve in that capacity. Mother testified that if Appellant was found to need a guardian, she would be willing to serve as such.

The DMH requested the appointment of the Public Administrator instead of a family member as Appellant's guardian for the following reasons. First, Appellant was under his parents' supervision when he allegedly committed arson. Second, Appellant's parents had not made any request to the DMH to be allowed to serve as his guardian. Third, Nancy Durlin (Durlin), a social worker at Fulton State Hospital, testified that Appellant will require life-long supervision and is not able

to engage in effective problem solving; his guardian will need to set limits for him and make judgments which he will not like; and it would likely cause a disruption in his relationship with his mother if she must make decisions necessary for his life. Dr. Lisa Lacey (Lacey), a staff psychiatrist at Fulton State Hospital, testified that Appellant has a good relationship with his family, and the limits that would need to be set to keep Appellant safe would negatively impact Appellant's relationship with his family and their future support of him.

After the hearing, the trial court issued its Judgment Authorizing Appointment of Guardian and Conservator finding Appellant incapacitated and disabled and authorizing the appointment of the Public Administrator as Appellant's guardian and conservator. Appellant now appeals from the portion of the Judgment authorizing the Public Administer as his guardian and conservator. Appellant presents one point on appeal.

### Point on Appeal

In his point on appeal, Appellant asserts that the trial court erred in appointing the Public Administrator, and not Mother, as his guardian, because the trial court failed to comply with the requirements of Section 475.050.[1]

### Standard of Review

In court-tried cases, we review the trial court's decision to determine whether it was against the weight of the evidence, unsupported by the evidence, or erroneously declared or misapplied the law. *In re Estate of Wood,* 852 S.W.2d 867, 869 (Mo.App. W.D.1993). The decision of whom to appoint as guardian and conservator lies within the sound discretion of the trial court. *Id.* at 868.

### Discussion

Section 475.050 sets out guidelines for who may be appointed guardian or conservator of disabled or incapacitated persons as follows:

1. Before appointing any other eligible person as guardian of an incapacitated person, or conservator of a disabled person, the court shall consider the suitability of appointing any of the following persons who appear to be willing to serve:

(1) If the incapacitated or disabled person is, at the time of the hearing, able to make and communicate a reasonable choice, any eligible person nominated by the person;

(2) Any eligible person nominated in a durable power of attorney executed by the incapacitated or disabled person, or in an instrument in writing signed by the incapacitated or disabled person and by two witnesses who signed at the incapacitated or disabled person's request, before the inception of the person's incapacity or disability, at a time within five years before the hearing when the person was able to make and communicate a reasonable choice;

(3) The spouse, parents, adult children, adult brothers and sisters and other close adult relatives of the incapacitated or disabled person;

(4) Any other eligible person or, with respect to the estate only, any eligible organization or corporation, nominated in a duly probated will of such a spouse or relative executed within five years before the hearing.

2. Except for good cause shown, the court shall make its appointment in accordance with the incapacitated or disabled person's most recent valid nomi-

1. All statutory references are to RSMo 2000, unless otherwise indicated.

nation of an eligible person qualified to serve as guardian of the person or conservator of the estate. In the event there is not brought to the attention of the court any such valid nomination executed within five years before the hearing, then the court shall give consideration to the most recent valid nomination brought to its attention, but the court shall not be required to follow such nomination.

According to Section 475.050, the trial court was obligated to consider Appellant's desire to have Mother serve as his guardian. Mother, obviously, is related to Appellant, and is therefore entitled to additional preference under Section 475.050. Statutory and case law requires the preference for the appointment of relatives over strangers as guardians as there is a presumption that a relative is "likely to be more solicitous than a stranger" in providing care for the incapacitated. *In re Estate of Romberg*, 942 S.W.2d 417, 419 (Mo. App. E.D.1997). This preference, however, is not absolute. *Id.* at 419–420. Good cause exceptions exist. *Id.* at 420.

Good cause exceptions include dissension in the family, adverse interest of the relative and the incapacitated person, or any other reason whereby a stranger would best serve the interest of the incapacitated person. *Estate of Romberg*, 942 S.W.2d at 420.

The record in this case establishes that the trial court and mental health representatives recognized the strong and healthy relationship between Appellant, Mother and their family. Social Worker Nancy Durlin (Durlin) stated that Appellant's parents "have done a very good job of raising him." Durlin stated that she thought that Appellant "would want to rely on them throughout his life." Durlin also described Appellant as "a young man who's had a strong family upbringing" and that he had been "well raised at home." Psychiatrist Lisa Lacey stated that Appellant "has a good relationship with his family." No dissension or specific adverse interests between Mother and Appellant was noted. No findings that Mother was unfit were made. The transcript reveals that Mother also testified that she had not petitioned earlier to be appointed Appellant's guardian because she believed that a lawyer was required for that and she could not afford one.

We are able to glean from the transcript that the trial court considered appointing Mother as guardian, but concluded that her appointment as guardian and conservator was not in Appellant's best interest because tough decisions will need to be made for Appellant, and in order to maintain a good family relationship, it would be better to have someone other than Mother make those tough decisions. The court also stated during the hearing that it thought the Administrator was very experienced and would work with Appellant's family to formulate plans and make decisions for Appellant.

The trial court's determination that a stranger would better serve as Appellant's guardian than his own mother appears to be solely based on the trial court's prediction that there may be possible negative results from Mother's decision making as Appellant's guardian. However, the judgment is silent as to the court's reasons for the appointment of the Public Administrator and the good cause to reject Mother's candidacy, which is statutorily favored, as Appellant's guardian. See *Estate of Romberg*, 942 S.W.2d at 419.

Mother has been caring for Appellant for twenty-one years, and apparently doing a good job of it, if the experts are to be believed. The appointment of Mother as guardian would result in numerous benefits that Mother could provide for Appel-

lant that the public administrator could not, such as love, concern, affection, and consanguinity. See *Estate of Romberg,* 942 S.W.2d at 420.

The record is replete with reasons why Mother would best serve as Appellant's guardian, yet lacking concrete, specific reasons why the Public Administrator would better serve in that capacity. We are inclined to believe that the trial court did not articulate all of its reasons in the record for its finding that the Public Administrator would better serve Appellant's interests as his guardian than would Mother. This inclination, combined with our deference to the trial court's discretion in this matter, leads us to reverse and remand this matter to the trial court to more fully develop the record in this case, and make specific findings in its judgment as to why, in light of Section 475.050–.075, it rejects Mother as Appellant's guardian and approves the Public Administrator instead.

The judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.

ROY L. RICHTER, P.J. and ROBERT G. DOWD, JR., J., concur.